*Handwritten at top:*
4410194Z - Capone James C. Mason III
56698526 - DSNB          1209277 - Citibank
99631977 - DSNB          5269518\ - Citibank

## MAGISTRATE COURT OF HOUSTON COUNTY, GEORGIA

Date Filed _____                Case No: 2015MW01-979

**JAMES MASON (SEE ATTACHED)**                    2015 AUG -5 AM 11:04

Plaintiff(s) Name, Address     vs            STATEMENT OF CLAIM
NORTHLAND GROUP, INC.
ARS SERVICES, INC.                           **RECEIVED**
                                             AUG 17 2015
Defendant(s) Name, Address                   BY: _____

[ ] Suit on Note  [ ] Suit on Account  [X] Other

1. The Court has jurisdiction over the defendant(s) [ ] the Defendant(s) is a resident of _____ County; [X] Other (please specify)
   See attached complaint

2. Plaintiff(s) claims the Defendant(s) is indebted to the Plaintiff(s) as follows (You must include a brief statement giving reasonable notice of the basis for each claim contained in the Statement of Claim):
   See attached complaint

3. That said claim is in the amount of $ 15,000.00 _____, principal $ _____ interest, plus _____ costs to date, and all future costs of this suit. State of Georgia, Houston County:

Clifford Carlson being duly sworn on oath says the foregoing is a just and true statement the amount owing by defendant(s) to plaintiff(s), exclusive of all set-offs and just grounds of defense.

Sworn and subscribed before me this 31st day of July, 2015

*Notary seal: PATRICIA CARLSON, MY COMMISSION EXPIRES APR 8 2017, HOUSTON CO., GEORGIA, NOTARY PUBLIC*

Notary Public/Attesting Official

Plaintiff(s) or Agent: /s/ Clifford C___
(If Agent, Title or Capacity) Attorney

478-254-1018
Day Time Phone Number

### NOTICE AND SUMMONS

TO: All Defendant(s) You are hereby notified that the above named Plaintiff(s) has/have made a claim and is requesting judgment against you in the sum shown by the foregoing statement. YOU ARE REQUIRED TO FILE or PRESENT AN ANSWER (answer forms can be obtained for the above listed web-site or clerk's office) TO THIS CLAIM WITHIN 30 DAYS AFTER SERVICE OF THIS CLAIM UPON YOU. IF YOU DO NOT ANSWER, *JUDGMENT BY DEFAULT* WILL BE ENTERED AGAINST YOU. YOUR ANSWER MAY BE FILED IN WRITING OR MAY BE GIVEN ORALLY TO THE JUDGE OR CLERK. If you choose to file your answer orally, it MUST BE IN OPEN COURT IN PERSON and within the 30 day period. NO TELEPHONE ANSWERS ARE PERMITTED. The court will hold a hearing on this claim at the _____, at a time to be scheduled after your answer is filed. You may come to court with or without an attorney. If you have witnesses, books, receipts, or other writings bearing on this claim, you should bring them to court at the time of your hearing. If you want witnesses or documents subpoenaed, see a staff person in the Clerk's office for assistance. If you have a claim against the Plaintiff(s), you should notify the court by immediately filing a written answer and counterclaim. If you admit to the Plaintiff(s)' claim but need additional time to pay, you must come to the hearing in person and tell the court your financial circumstances. Your answer must be RECEIVED by the clerk within 30 days of the date of service. If you are uncertain whether your answer will timely arrive by mail, file your answer in person at the clerk's office during normal business hours.

This 6 day of Aug, 2015         /s/ V. W___
                                Magistrate or Deputy Clerk of Court
                                MAG 10-01 STATEMENT OF CLAIM .DOC

IN THE MAGISTRATE COURT OF HOUSTON COUNTY
STATE OF GEORGIA

JAMES MASON            :
    Plaintiff,     :
vs.                    :   Case No.:
NORTHLAND GROUP, INC.  :
ARS NATIONAL SERVICES, INC. :
    Defendants.    :

## Complaint

Plaintiff James Mason ("Plaintiff" or "Mason") brings this action based on Defendants Northland Group, Inc, and ARS National Services, Inc. ("Defendants") willful violations of the Fair Debt Collection Practices Act ("FDCPA"). Defendants' willful violations of the FDCPA include misrepresenting the amount of interest on the alleged account, not complying with statutory notice requirements, not validating the debt, providing false or misleading information related to payment plans, and contacting Mason, after the Defendants knew that Mason was represented by the undersigned. Plaintiff alleges as follows based upon his own personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### Nature of the Case

1. The FDCPA was enacted to protect consumers from abusive, false, deceptive, or unfair debt collection practices. The FDCPA accomplishes this by imposing open-ended prohibitions on such acts when carried out by debt collectors and holding debt collectors strictly liable for violations of the act.

1

2. Here, Defendant has willfully violated the act by misrepresenting the amount of interest on the alleged account, not complying with statutory notice requirements, not validating the debt, providing false or misleading information related to payment plans, and contacting Mason, after the Defendants knew that Mason was represented by the undersigned.

3. Georgia enacted the Fair Business Practices Act ("FBPA") and Unfair or Deceptive Practices Toward the Elderly and/or Disabled Act ("UDPTEA") (collectively "the Georgia Acts") to protect consumers from abusive, fraudulent, or deceptive business acts. A violation of the FDCPA is also a violation of the FBPA and UDPTEA, entitling a consumer to additional damages.

4. As a result of the Defendants' willful actions, Mason was subjected to deceptive, abusive, and harmful debt collections practices expressly prohibited by the FDCPA. Accordingly, he is entitled to receive his actual damages, statutory damages up to $1,000.00, and reasonable attorney's fees. Further, under the Georgia acts, Mason is entitled to receive an additional $10,000.00 for each and every violation of the FDCPA.

## Parties, Jurisdiction, and Venue

5. Defendant Northland Group, Inc. (Northland) is a Minnesota for profit corporation, that is not registered with the Georgia Secretary of State as a foreign corporation.

6. Defendant Northland may be served with process at 7831 Glenroy Rd #350, Edina, MN 55439.

7. Defendant ARS National Services, Inc. (ARS) is a California for profit corporation, that is registered with the Georgia Secretary of State as a foreign corporation.

8. Defendant ARS' registered agent is Corporation Service Company, who may be served with process at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

9. Plaintiff is a natural person residing in the State of Georgia, County of Houston.

10. These claims are for less than the jurisdictional limits of this Honorable Court.

11. As such, both venue and jurisdiction is proper.

12. Plaintiff is a consumer as defined by O.C.G.A. §10-1-392(6) and as that term is defined by the FDCPA.

13. Defendants holds themselves out to be a "debt collector" as the Fair Debt Collection Practices Act envisions that term.

14. The debt Defendants allege Plaintiff owes is a consumer debt as those terms are defined by the FDCPA.

### Facts Common to All Counts

15. On January 2, 2014, Northland sent Mason a collection letter for the alleged account ending in 8629.

16. On November 10, 2014, Mason's counsel sent a verification and validation request to Northland. In this communication, the undersigned directed Northland to forward the request to the current creditor.

17. Defendant Northland responded on November 20, 2014, and stated they had closed the account and returned it to the original creditor.

18. On November 29, 2014, Defendant ARS sent Mason a collection letter for the alleged account ending in 8629. This letter was not sent through Mason's counsel. In this letter, Defendant ARS instructed Mason on how request a validation of the debt.

19. As of the date of this complaint, neither Defendant has provided any documentation related to the account verification. Neither Defendant has provided any contract, itemization, explanation, or justification of the included collection charges.

20. The collection letter dated January 2, 2014, offers a payment plan with twelve payments over twelve months. In a later section there is a statement that "payments must not be more than 30 days apart or this settlement will be cancelled."

## Count One – Fair Debt Collection Practices Act

21. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

22. Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. Section 807(10), 15 U.S.C. § 1692(e)(10), prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

23. Defendant willfully violated 15 U.S.C. § 1692(e) by:
   a) The false representation of the character, amount, or legal status of the alleged debt; and/or any services rendered or compensation which may be lawfully received by the Defendants for the collection of the alleged debt.
   b) The use of false representations and/or deceptive means to collect or attempt to collect the alleged debt;

24. 15 U.S.C. § 1692g(b) expressly requires a debt collector to cease collection of the debt, or any disputed portion thereof, until the debt collector

4

obtains verification of the debt or a copy of a judgment. No such verification occurred.

25. 15 U.S.C. § 1692c(a)(2) expressly prohibits a debt collector from contacting a consumer the debt collector knows to be represented by counsel.

26. Notwithstanding the letter Defendant received from Mason's counsel, the Defendant directly contacted Mason on November 27, 2015, in violation of 15 U.S.C. § 1692c(a)(2).

27. 15 U.S.C. § 1692f prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. The interest rate and collection charges were not authorized by any document provided by the Defendants.

28. Mason is entitled to damages as set forth in 15 U.S.C. § 1692k(a) as follows:

   a) Mason is entitled to an award of actual damages to be determined at trial, for his mental anguish because the Defendants' acts were extreme and outrageous insomuch as the Defendant provided false and confusing information as to the balance of the debt;

   b) Mason is entitled to recover his reasonable attorney's fees in an amount to be determined at trial, and;

   c) Mason is entitled to an award of statutory damages in the amount of $1,000.00.

### Count Two – FBPA

29. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

30. Defendants are subject to the FBPA, O.C.G.A. § 10-1-390 *et seq*, for acts and omissions pertaining to its attempts relating to collection of an alleged deficiency balance under an alleged contract.

31. Reliance is not an element of a consumer's claim under the FBPA for Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* (hereafter 'FDCPA'), violations because:

    a) false, deceptive, and unfair or unconscionable means used in the collection of consumer debt harms the general consumer market place as a matter of law; and,

    b) the General Assembly did not intend for common law fraud principles to apply to claims brought under the FBPA; and,

32. By and through the adoption of the FDCPA into the FBPA, creditors in Georgia are made subject to the rules otherwise applicable in the FDCPA only to debt collectors.

33. Defendants' violations of the FBPA include, but are not limited to:

    a) sending the consumer communications that are "unfair" or "deceptive" pursuant to O.C.G.A. § 10-1-393 *et seq*, by sending letters that were false and misleading as to the nature and amount of the debt, the name of the debt collector, proposed payment plans, to a debtor represented by counsel and that lacked statutorily required notices; and,

    b) such other and further violations as the evidence may demonstrate during the course of discovery and trial of this case.

34. Defendant's violations were deliberate and intentional; or in reckless disregard of defendant's rights; or negligent; and harmed the general consumer market place.

35. Mason suffered actual damages because Defendant's acts caused him great emotion distress.

36. Because Defendant's acts were willful, Mason is entitled to recover his actual damages pursuant to O.C.G.A. § 10-1-399(a).

37. Mason is also entitled to exemplary damages in the amount of three times his actual damages pursuant to OCGA 10-1-399(a) and (c).

38. Further, Mason is entitled to his attorneys' fees and costs pursuant to O.C.G.A. § 10-1-399(d).

### Count Three – UDPTEA

39. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

40. Defendants are subject to the UDPTEA, O.C.G.A. § 10-1-850 *et seq*, for acts and omissions pertaining to its attempts relating to collection of an alleged consumer debt.

41. UDPTEA protects elderly or disabled consumers from harassing, deceptive, or unfair behavior by enhancing the statutory penalties of statutes like the FBPA and FCPA.

42. Defendants were placed on notice of the potential imposition of enhanced penalties under UDPTEA on December 14, 2014, by a letter sent from Mason's counsel to the Defendants.

43. For each and every violation of UDPTEA, Mason is entitled to recovery the sum of $10,000.00.

## PRAYER FOR RELIEF

WHEREFORE, James Mason seeks:

A) That this Court grant his claims process of law; and,

B) That this Court grant monetary damages, including but not limited to, actual, exemplary, punitive, and statutory damages and civil penalties as alleged in each and every count, above; and,

D) That this Court tax all Court costs to the Defendant; and,

E) That this Court award the Plaintiff attorney's fees; and,

F) Such other and further legal relief as the court may deem appropriate under all the circumstances of this case.

Dated July 31, 2015.

Clifford Carlson,
Ga. Bar No.: 227503

Cliff Carlson Law, P.C.
4501 Russell Parkway, Suite 24
Warner Robins, GA 31088
478.254.1018 (Tel.)
cc@cliffcarlsonlaw.com (Email)

8